UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Rollie Springer et al | ) | |
|         Plaintiff | ) | |
| | ) | |
| | ) | Case No. 03-1200 |
| | ) | |
| Dorman Durflinger et al | ) | |
|         Defendant | ) | |

**ORDER**

Now before the court is the defendant's motion for summary judgment (#124) as to attorney fees and the defendant's motion to strike (#123) the plaintiff's notice of appeal.

The procedural posture of this claim is unusual. Instead of waiting for a ruling on the merits and then filing a petition for fees and a Bill of Costs, defendants filed a counterclaim for attorney fees and costs under 42 U.S.C. 1988 at the same time they filed their answer. As a result, they have now filed a motion for summary judgment as to that claim; in addition, they challenge the timeliness of plaintiff's notice of appeal, arguing that there is no final judgment until there has been a ruling on the counterclaim.

A request for attorney fees is collateral to the issues on the merits, regardless of what the request may be called and regardless of the justification for calling the request a counterclaim. See, Budinich v. Becton Dickinson and Co., 486 U.S. 196, 199-200 (1988). Once a ruling on the merits has been entered, that ruling can be appealed without affecting the District Court's continued jurisdiction over collateral issues such as attorney fees. Id. See also, Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc., 128 F.3d

504, 505 (7th Cir.1997); Alonzi v. Budget Const. Co., 55 F.3d 331, 333 (7th Cir.1995). Accordingly, the motion to strike the notice of appeal is denied.

The Supreme Court has held that attorney fees under § 1988 are "costs." Marek v. Chesny, 473 U.S. 1 (1985). Fed.R.Civ.P. 54(d) anticipates that a claim for costs (including attorney fees) will be filed after entry of judgment. Under the Local Rules of this Court, requests for attorney fees and bills of costs "shall be filed within thirty (30) days of entry of final judgment." The Court has never before seen a fee request under §1988 brought as a counterclaim. Not only is there nothing in the language of § 1988 to suggest that a request for fees is a separate cause of action, there is no authority for such a proposition cited in the summary judgment motion

I conclude that neither a counterclaim nor a motion for summary judgment is the proper procedural vehicle for bringing a petition for attorney fees under § 1988. The Counterclaim for fees is therefore dismissed. The motion for summary judgment is construed as a timely-filed petition for attorney fees; it will be resolved using the legal standards appropriate to such petitions and not pursuant to the rules, legal standards and forms that apply to summary judgment motions.

Plaintiffs are directed to file any opposition to the petition for fees within 14 days of the date of this order. Should the request for fees be granted, the court will then take up the matter of calculating the fees. See Fed.R.Civ.P. 54(d)(2)(C).

ENTER this 27th day of April, 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE